**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UCI INTERNATIONAL, LLC<br><br>Tax I.D. No. 16-1760186<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11354 (___) |
| In re:<br><br>AIRTEX INDUSTRIES, LLC<br><br>Tax I.D. No. 56-2490830<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11355 (___) |
| In re:<br><br>AIRTEX PRODUCTS, LP<br><br>Tax I.D. No. 20-1970933<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11356 (___) |
| In re:<br><br>ASC HOLDCO, INC.<br><br>Tax I.D. No. 43-1979758<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11357 (___) |
| In re:<br><br>ASC INDUSTRIES, INC.<br><br>Tax I.D. No. 34-1187793<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11358 (___) |

| | |
|---|---|
| In re:<br><br>CHAMPION LABORATORIES, INC.<br><br>Tax I.D. No. 37-0995645<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11359 (___) |
| In re:<br><br>UCI ACQUISITION HOLDINGS (NO. 1) CORP<br><br>Tax I.D. No. 80-0665732<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11360 (___) |
| In re:<br><br>UCI ACQUISITION HOLDINGS (NO. 3) CORP<br><br>Tax I.D. No. 27-4118277<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11361 (___) |
| In re:<br><br>UCI ACQUISITION HOLDINGS (NO. 4) LLC<br><br>Tax I.D. No. 47-3748447<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11362 (___) |
| In re:<br><br>UCI-AIRTEX HOLDINGS, INC.<br><br>Tax I.D. No. 86-1065425<br>                    Debtor. | Chapter 11<br><br>Case No. 16-11363 (___) |

| | |
|---|---|
| In re:<br><br>UCI HOLDINGS LIMITED<br><br>Tax I.D. No. (N/A)<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11364 (___) |
| In re:<br><br>UCI PENNSYLVANIA, INC.<br><br>Tax I.D. No. 23-2051527<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11365 (___) |
| In re:<br><br>UNITED COMPONENTS, LLC<br><br>Tax I.D. No. 04-3759857<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11366 (___) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (the "Debtors") submit this motion (this "Motion") pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 for the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order (the "Order") directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors submit the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "Whittman Declaration"), filed contemporaneously herewith and incorporated by reference. In further support of the Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.  On June 2, 2016, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.  The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

3.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory and other bases for the relief requested in this Motion are section 101(2) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND OF THE DEBTORS

6.  The Debtors are leaders in the design, manufacturing, and distribution of vehicle replacement parts, including a broad range of filtration, fuel delivery systems, and cooling systems products in the automotive, trucking, marine, mining, construction, agricultural, and

industrial vehicles markets. Together with their non-Debtor subsidiaries, the Debtors operate out of twelve manufacturing facilities and fourteen distribution and warehouse facilities in North America, Europe and Asia. The Debtors have approximately 1,800 employees, all of whom are located in the United States.

7.      Headquartered in Lake Forest, Illinois, Debtor UCI International, LLC ("UCI") is a holding company that conducts its business through three principal operating subsidiary Debtors and their respective affiliates: Airtex Products, LP, Champion Laboratories, Inc., and ASC Industries, Inc. UCI is an indirect wholly-owned subsidiary of Debtor UCI Holdings Limited ("UCI Holdings"), a New Zealand limited liability company and an intermediate parent of the other Debtors and their respective non-Debtor subsidiaries.

8.      Additional information regarding the Debtors' businesses and the events preceding the Petition Date may be found in the Whittman Declaration.

**RELIEF REQUESTED**

9.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, directing joint administration of the above-captioned cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

10.     Specifically, the Debtors respectfully request that the Court maintain one file and one docket for all of the Debtors' cases under the case of UCI International, LLC and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UCI INTERNATIONAL, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11354 (___)<br><br>(Jointly Administered) |

11. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of UCI International, LLC, to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of Airtex Industries, LLC, Airtex Products, LP, ASC Holdco, Inc., ASC Industries, Inc., Champion Laboratories, Inc., UCI Acquisitions Holdings (No. 1) Corp, UCI Acquisition Holdings (No. 3) Corp, UCI Acquisition Holdings (No. 4) LLC, UCI-Airtex Holdings, Inc., UCI International, LLC, UCI Holdings Limited, UCI Pennsylvania, Inc. and United Components, LLC. The docket in the chapter 11 case of UCI International, LLC, Case No. 16-11354 (___) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

12. Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 1900 West Field Court, Lake Forest, Illinois 60045.

administration of the estates." In addition, Local Rule 1015-1 similarly provides that an "order of joint administration may be entered, without notice and an opportunity for hearing," if a motion is filed establishing that "joint administration . . . is warranted and will ease the administrative burden for the Court and the parties." UCI Holdings is a Debtor in these chapter 11 cases, and each of the other Debtors is directly or indirectly owned by UCI Holdings. Accordingly, this Court has the authority to grant the relief requested herein.

13. Joint administration of these chapter 11 cases will promote efficiency and will ease the administrative burden on the Court and all parties in interest in these cases. Because the Debtors' financial affairs and business operations are closely related, many of the motions, hearings and orders in these chapter 11 cases will affect all of the Debtors. Joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, because it will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders. Joint administration will therefore render the completion of various administrative tasks less costly, and will minimize the number of unnecessary delays. The relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

14. Further, joint administration of these chapter 11 cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Each creditor may still file a claim against individual estates, as applicable. Moreover, all creditors will benefit from the reduced costs that will result from the joint administration of these chapter 11 cases.

15. Joint administration is routinely granted on grounds of utility and efficiency, and courts in this District customarily grant joint administration in related chapter 11 cases. See, e.g.,

In re Hancock Fabrics, Inc., Case No. 16-10296 (BLS) (Bankr. D. Del. Feb. 3, 2016); In re Ryckman Creek Res., LLC, Case No. 16-10292 (KJC) (Bankr. D. Del. Feb. 3 2016); In re RCS Capital Corp., Case No. 16-10223 (MFW) (Bankr. D. Del. Feb. 2, 2016); In re Verso Corp., Case No. 16-10163 (KG) (Bankr. D. Del. Jan. 27, 2016); In re Samson Res. Corp., Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015); In re Colt Holding Co. LLC, Case No. 15-11296 (LSS) (Bankr. D. Del. June 16, 2015).

16. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on the Court and all parties in interest, and therefore should be granted.

## **NOTICE**

17. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (vi) counsel to Credit Suisse AG, Cayman Islands Branch, the administrative agent, collateral agent and issuing lender for the Debtors' prepetition credit facility; (vii) counsel to Wilmington Trust, N.A., the indenture trustee for the Debtors' prepetition unsecured notes; and (viii) counsel to certain holders of the Debtors' prepetition unsecured notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

18. The Debtors have not previously sought the relief requested herein from this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only, and (ii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  June 2, 2016<br>Wilmington, Delaware | SIDLEY AUSTIN LLP<br>Larry J. Nyhan<br>Jessica C.K. Boelter<br>Kerriann S. Mills<br>Jackson T. Garvey<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Facsimile:  (312) 853-7036<br><br>-and-<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/* Edmon L. Morton<br>Robert S. Brady (No. 2847)<br>Edmon L. Morton (No. 3856)<br>Ashley E. Jacobs (No. 5635)<br>Elizabeth S. Justison (No. 5911)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>PROPOSED ATTORNEYS FOR THE DEBTORS<br>AND DEBTORS IN POSSESSION |

# Exhibit A

## Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UCI INTERNATIONAL, LLC<br><br>Tax I.D. No. 16-1760186<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11354 (___) |
| In re:<br><br>AIRTEX INDUSTRIES, LLC<br><br>Tax I.D. No. 56-2490830<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11355 (___) |
| In re:<br><br>AIRTEX PRODUCTS, LP<br><br>Tax I.D. No. 20-1970933<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11356 (___) |
| In re:<br><br>ASC HOLDCO, INC.<br><br>Tax I.D. No. 43-1979758<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11357 (___) |
| In re:<br><br>ASC INDUSTRIES, INC<br><br>Tax I.D. No. 34-1187793<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11358 (___) |

| | |
|---|---|
| In re:<br><br>CHAMPION LABORATORIES, INC.<br><br>Tax I.D. No. 37-0995645<br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11359 (___) |
| In re:<br><br>UCI ACQUISITION HOLDINGS (NO. 1) CORP<br><br>Tax I.D. No. 80-0665732<br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11360 (___) |
| In re:<br><br>UCI ACQUISITION HOLDINGS (NO. 3) CORP<br><br>Tax I.D. No. 27-4118277<br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11361 (___) |
| In re:<br><br>UCI ACQUISITION HOLDINGS (NO. 4) LLC<br><br>Tax I.D. No. 47-3748447<br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11362 (___) |
| In re:<br><br>UCI-AIRTEX HOLDINGS, INC.<br><br>Tax I.D. No. 86-1065425<br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11363 (___) |

| | |
|---|---|
| In re:<br><br>UCI HOLDINGS LIMITED<br><br>Tax I.D. No. (N/A)<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11364 (___) |
| In re:<br><br>UCI PENNSYLVANIA, INC<br><br>Tax I.D. No. 23-2051527<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11365 (___) |
| In re:<br><br>UNITED COMPONENTS, LLC<br><br>Tax I.D. No. 04-3759857<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-11366 (___) |

**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of these chapter 11 cases for procedural purposes only; and upon consideration of the Whittman Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The relief requested in the Motion is granted.

2.  The Debtors' chapter 11 cases shall be (i) jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, and (ii) consolidated for procedural purposes only.

3.  The Clerk of the Court shall maintain one file and one docket for the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of UCI International, LLC, Case No. 16-11354 (___).

4.  All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> UCI INTERNATIONAL, LLC, et al.[2] <br><br><br> Debtors. | Chapter 11 <br><br> Case No. 16-11354 (___) <br><br> (Jointly Administered) |

5.  The Clerk of the Court shall make a docket entry in each of the above-captioned chapter 11 cases other than the case of UCI International, LLC substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of Airtex Industries, LLC, Airtex Products, LP, ASC Holdco, Inc., ASC Industries, Inc., Champion Laboratories, Inc., UCI Acquisitions Holdings (No. 1) Corp, UCI Acquisition Holdings (No. 3) Corp, UCI Acquisition Holdings (No. 4) LLC, UCI-Airtex Holdings, Inc., UCI International, LLC, UCI Holdings Limited, UCI Pennsylvania, Inc. and United Components, LLC. The docket in the chapter 11 case of UCI International, LLC, Case No. 16-11354 (___) should be consulted for all matters affecting this case.

6.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[2] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 1900 West Field Court, Lake Forest, Illinois 60045.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE