**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UCI INTERNATIONAL, LLC, et al.[1] | Case No. 16-11354 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING BRIAN WHITTMAN
TO ACT AS FOREIGN REPRESENTATIVE PURSUANT TO
SECTION 1505 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this motion (this "Motion") pursuant to section 1505 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), requesting entry of an order (the "Order") authorizing Brian Whittman, in his capacity as an authorised signatory of Debtor UCI Holdings Limited ("UCI Holdings"), to act as the foreign representative (the "Foreign Representative") of UCI Holdings' estate in any judicial or other proceeding in any foreign country, including New Zealand. In support of this Motion, the Debtors submit the *Declaration of Brian Whittman in Support of the Debtors' Chapter 11 Petitions and First-Day Pleadings* (the "Whittman Declaration"), filed contemporaneously herewith and incorporated by reference. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 1900 West Field Court, Lake Forest, Illinois 60045.

01:18766887.1

## STATUS OF THE CASE AND JURISDICTION

1. On June 2, 2016, (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

3. The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested in this Motion is section 1505 of the Bankruptcy Code.

## BACKGROUND OF THE DEBTORS

6. The Debtors are leaders in the design, manufacturing, and distribution of vehicle replacement parts, including a broad range of filtration, fuel delivery systems, and cooling systems products in the automotive, trucking, marine, mining, construction, agricultural, and industrial vehicles markets. Together with their non-Debtor subsidiaries, the Debtors operate out of twelve manufacturing facilities and fourteen distribution and warehouse facilities in North America, Europe and Asia. The Debtors have approximately 1,800 employees, all of whom are located in the United States.

7. Headquartered in Lake Forest, Illinois, Debtor UCI International, LLC is a holding company that conducts its business through three principal operating subsidiary Debtors and their respective affiliates: Airtex Products, LP, Champion Laboratories, Inc., and ASC Industries, Inc.

8. Additional information regarding the Debtors' businesses and the events preceding the Petition Date may be found in the Whittman Declaration.

## RELIEF REQUESTED

9. By this Motion, pursuant to section 1505 of the Bankruptcy Code, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing Brian Whittman, in his capacity as an authorised signatory of UCI Holdings, to act as the Foreign Representative of UCI Holdings' estate in any judicial or other proceeding in any foreign country, including New Zealand, and for the New Zealand courts to act in aid of and be auxiliary to the Court in relation to the protection of UCI Holdings' estate in New Zealand, including by giving effect to the automatic stay under Bankruptcy Code section 362(a) in New Zealand.

10. The Debtors further request that, as Foreign Representative, Brian Whittman shall expressly be authorized to (i) seek recognition of UCI Holdings' chapter 11 case in New Zealand, (ii) request that the New Zealand courts lend assistance to this Court in protecting the property of UCI Holdings' estate, and (iii) seek any other appropriate relief from the New Zealand courts that is just and proper in furtherance of the protection of UCI Holdings' estate.

## BASIS FOR RELIEF REQUESTED

11. Debtor UCI Holdings is a limited liability company registered in New Zealand and is the intermediate parent of the other Debtors and their respective non-Debtor subsidiaries. In connection with these chapter 11 cases, UCI Holdings intends to commence recognition proceedings in New Zealand—akin to a chapter 15 proceeding under the Bankruptcy Code—to protect any and all interests there and to ensure an orderly chapter 11 process. In order for New Zealand courts to recognize these chapter 11 cases as a "foreign proceeding," Brian Whittman, on behalf of UCI Holdings, must make a showing to the New Zealand courts that he is authorized to act for UCI Holdings in New Zealand proceedings.

12. Under New Zealand's Insolvency (Cross-Border) Act 2006 (the "Act"), a foreign representative is "a person or body, including one appointed on an interim basis, authorised in a foreign proceeding to administer the reorganisation or the liquidation of the debtor's assets or affairs or to act as a representative of the foreign proceeding." Art. 2. The foreign representative "may apply to the High Court for recognition of the foreign proceeding in which the foreign representative has been appointed." Id. at Art. 15. Under the Act, an application for recognition must be accompanied by one of the following: (i) a certified copy of the decision appointing the foreign representative, (ii) a certificate from the foreign court affirming the appointment, or (iii) any other evidence acceptable to the High Court of the appointment. Id.


13. Further, Bankruptcy Code section 1505 provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505.

14. Although the Debtors believe Bankruptcy Code section 1107[2] authorizes them to act as the Foreign Representatives of their own estates, in order to avoid potential confusion or doubt regarding this authority, the Debtors seek entry of an order under Bankruptcy Code section 1505 explicitly authorizing Brian Whittman to act as the Foreign Representative of UCI Holdings in any judicial or other proceeding in New Zealand.

15. Similar relief to that requested herein has been granted by courts in this and other Districts in other chapter 11 cases. See, e.g., In re Colt Holding Company LLC, Case No. 15-11296 (LSS) (Bankr. D. Del. June 16, 2015); In re IMRIS, Inc., Case No. 15-11133 (CSS) (Bankr. D. Del. May 27, 2015); In re Cal Dive International, Inc., Case No. 15-10458 (CSS) (Bankr. D. Del. March 6, 2015); In re Vertis Holdings, Inc., Case No. 12-12821 (CSS) (Bankr. D. Del. Feb. 19, 2013); In re Digital Domain Media Group, Inc., Case No. 12-12568 (BLS) (Bankr. D. Del. Sept. 12, 2012); In re LightSquared Inc., Case No. 12-12080 (SCC) (Bankr. S.D.N.Y. June 11, 2012).

**NOTICE**

16. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Securities and Exchange Commission;

---

[2] Bankruptcy Code section 1107 provides that "[s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

(iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (vi) counsel to Credit Suisse AG, Cayman Islands Branch, the administrative agent, collateral agent and issuing lender for the Debtors' prepetition credit facility; (vii) counsel to Wilmington Trust, N.A., the indenture trustee for the Debtors' prepetition unsecured notes; and (viii) counsel to certain holders of the Debtors' prepetition unsecured notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

17. The Debtors have not previously sought the relief requested herein from this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  June 2, 2016<br>Wilmington, Delaware | SIDLEY AUSTIN LLP<br>Larry J. Nyhan<br>Jessica C.K. Boelter<br>Kerriann S. Mills<br>Blair M. Warner<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Facsimile:  (312) 853-7036<br><br>-and-<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Edmon L. Morton*<br>Robert S. Brady (No. 2847)<br>Edmon L. Morton (No. 3856)<br>Ashley E. Jacobs (No. 5635)<br>Elizabeth S. Justison (No. 5911)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>PROPOSED ATTORNEYS FOR THE DEBTORS<br>AND DEBTORS IN POSSESSION |

## Exhibit A

**Proposed Order**

01:18766887.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UCI INTERNATIONAL, LLC, <u>et al.</u>[1] | Case No. 16-11354 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**ORDER AUTHORIZING BRIAN WHITTMAN TO ACT AS FOREIGN
REPRESENTATIVE PURSUANT TO SECTION 1505 OF THE BANKRUPTCY CODE**

Upon the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") for an order (the "<u>Order</u>") authorizing Brian Whittman to act as the Foreign Representative on behalf of UCI Holdings Limited ("<u>UCI Holdings</u>"); and upon consideration of the Whittman Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 1900 West Field Court, Lake Forest, Illinois 60045.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

01:18766887.1

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. Brian Whittman, in his capacity as an authorised signatory of UCI Holdings, is authorized to act as the Foreign Representative on behalf of UCI Holdings in any judicial or other proceeding in New Zealand, and may act in any way permitted by applicable foreign law, including, without limitation (i) seeking recognition of UCI Holdings' chapter 11 case in any New Zealand proceeding, (ii) requesting that the New Zealand courts lend assistance to this Court in protecting the property of UCI Holdings' estate, and (iii) seeking any other appropriate relief from the New Zealand courts that Brian Whittman deems just and proper in furtherance of the protection of UCI Holdings' estate.

3. This Court requests the assistance of the New Zealand courts to recognize Brian Whittman as a "foreign representative" under New Zealand law and to recognize and give full force and effect to this Order in all of New Zealand.

4. This Court requests the assistance of the New Zealand courts to act in aid of and be auxiliary to this Court in relation to the protection of UCI Holdings' estate in New Zealand, including by giving effect to the automatic stay under Bankruptcy Code section 362(a) in New Zealand.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors and Brian Whittman are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Notice of this Motion shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2016
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE