IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UCI INTERNATIONAL, LLC, et al.[1] | Case No. 16-11354 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 5 |

### ORDER APPOINTING GARDEN CITY GROUP, LLC AS CLAIMS AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (the "Order") appointing and authorizing the retention of Garden City Group, LLC as the Claims and Noticing Agent in the Debtors' chapter 11 cases, effective nunc pro tunc to the Petition Date, pursuant to 28 U.S.C. § 156(c), Bankruptcy Rule 2002 and Local Rule 2002-1(f), to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proof of claim filed in the Debtors' chapter 11 cases, and (iii) provide such other administrative services as required by the Debtors that would fall within the purview of services to be provided by the Clerk's office; and upon the *Declaration of Craig E. Johnson in Support of the Debtors' Application for Appointment of Garden City Group, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* submitted in support of the Application; and the Debtors

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 1900 West Field Court, Lake Forest, Illinois 60045.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Application.

01:18772422.2

estimating that there are in excess of 200 creditors in these chapter 11 cases, many of which are expected to file proofs of claim; and upon consideration of the Whittman Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED to the extent provided herein.

2. Notwithstanding the terms of the Retention Agreement attached to the Application, the Application is granted solely as set forth in this Order.

3. Pursuant to 28 U.S.C. § 156(c), Bankruptcy Code § 105(a), Bankruptcy Rule 2002 and Local Rule 2002-1(f), the Debtors are authorized to retain GCG as the Claims and Noticing Agent, effective <u>nunc pro tunc</u> to the Petition Date, to perform the Claims and Noticing Services set forth in the Application and under the terms of the Retention Agreement relating to such services, and GCG is authorized to perform such services.

4. GCG shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this case and is authorized and directed to

maintain the official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

5. GCG is authorized to obtain a post office box or address for the receipt of proofs of claim.

6. GCG is authorized to take such other actions to comply with all duties set forth in the Application and this Order.

7. GCG shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of this Court, the Debtors are authorized to compensate GCG on a monthly basis in accordance with the terms and conditions of the Retention Agreement for the Claims and Noticing Services, upon GCG's submission of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith, without the need for GCG to file fee applications or otherwise seek court approval for the compensation of its services and reimbursement of its expenses.

9. GCG shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for any official committee monitoring the expenses of the Debtors and any party in interest that specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Retention Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, GCG's fees and expenses incurred in connection with the Claims and Noticing Services shall be an administrative expenses of the Debtors' chapter 11 estates.

12. The application of GCG's retainer to all prepetition invoices is approved. The retainer shall be replenished to the original retainer amount, and thereafter GCG may hold the retainer as security of payment of GCG's final invoice for services rendered and expenses incurred in performing the Claims and Noticing Services.

13. Except to the extent set forth below, the Debtors are authorized to indemnify GCG under the terms of the Retention Agreement:

    a. GCG shall not be entitled to indemnification, contribution or reimbursement pursuant to the Retention Agreement for services other than the Claims and Noticing Services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

    b. The Debtors shall have no obligation to indemnify GCG, or provide contribution or reimbursement to GCG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from GCG's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of GCG's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order;

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, GCG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including without limitation the advancement of defense costs, GCG must file an application therefor in this Court, and the Debtors may not pay any such amounts to GCG

before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by GCG for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify GCG. All parties in interest shall retain the right to object to any demand by GCG for indemnification, contribution, or reimbursement.

14. In the event GCG is unable to provide the Claims and Noticing Services, GCG will immediately notify the Clerk and the Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

15. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by GCG but is not specifically authorized by this Order.

16. GCG shall not cease providing Claims and Noticing Services during the case for any reason, including nonpayment, without an order of the Court.

17. The Debtors and GCG are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18. In the event of any inconsistency between the Retention Agreement, the Application, and this Order, this Order shall govern.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. This Court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: June 3, 2016
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE