IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UCI INTERNATIONAL, LLC, et al.[1] | Case No. 16-11354 (MFW) |
| Debtors | (Jointly Administered) |
| | Ref. Docket No. 176, 234 |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF MOELIS & COMPANY LLC AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO 11 U.S.C. §§ 327(a) AND 328, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the retention and employment of Moelis & Company LLC ("Moelis") as investment banker for the Debtors, effective nunc pro tunc to the Petition Date, in accordance with the terms and conditions of the Engagement Letter attached as Exhibit 1 hereto, (ii) modifying the time keeping requirements of Local Rule 2016-2 and the U.S. Trustee Guidelines in connection with Moelis' proposed engagement by the Debtors, and (iii) granting related relief; and upon consideration of the Keil Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 1900 West Field Court, Lake Forest, Illinois 60045.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

01:18876930.1

matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Application having been given; and the Court having found based on the representations made in the Application and the Keil Declaration that (i) Moelis does not hold or represent an interest adverse to the Debtors' estates and (ii) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Moelis as their investment banker in these chapter 11 cases, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, <u>nunc pro tunc</u> as of the Petition Date.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), a copy of which is attached hereto as <u>Exhibit 1</u>, including, without limitation, the Fee Structure, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations, in accordance with the terms and conditions and at the times specified, in the Engagement Letter. Subject to Paragraph 6 of this Order, all compensation, reimbursement of expenses, indemnification,

contribution, and reimbursement to Moelis and any Indemnified Person under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

4. The Debtors are authorized to pay Moelis' fees and to reimburse Moelis for its reasonable costs and expenses as provided in the Engagement Letter, including, but not limited to, in-sourced document production costs, travel costs, meals, and the fees, disbursements and other charges of Moelis' external legal counsel (without the need for such legal counsel to be retained as a professional in these chapter 11 cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code). In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Moelis shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law and the decisions of this Court.

5. Moelis shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

01:18876930.1

applicable orders of the Court; <u>provided, however</u>, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, Local Rule 2016-2, and any other orders and procedures of this Court are hereby modified such that Moelis' restructuring professionals shall be required only to keep summary time records in hourly increments, Moelis' non-restructuring professionals and personnel in administrative departments (including internal legal) shall not be required to keep any time records, Moelis' restructuring professionals shall not be required to keep time records on a project category basis, and Moelis shall not be required to provide or conform to any schedule of hourly rates.

6. Moelis shall be compensated in accordance with the terms of the Engagement Letter and, in particular, all of Moelis' fees and expenses in these chapter 11 cases are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to Moelis pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' compensation.

7. The indemnification, contribution, and reimbursement provisions included in Annex A to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

a. Moelis shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter, unless the indemnification, contribution, or reimbursement is approved by the Court.

b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Person's obligations based on actions by the Indemnified Persons not in their professional capacity where the basis of the breach is not the negligence of the Indemnified Person in providing advice or services, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, or bad faith, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

c. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Indemnified Persons, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

d. Any limitations on any amounts to be contributed by the parties to the Engagement Letter shall be eliminated. The Indemnified Persons shall retain any rights they may have to contribution at common law.

01:18876930.1

5

8.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Keil Declaration, and this Order, the terms of this Order shall govern.

10. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 12, 2016  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

01:18876930.1