**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UCI INTERNATIONAL, LLC *et al.*, | ) | Case No. 16-11354 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**OBJECTION OF THE UNITED STATES OF AMERICA AND STATE OF ILLINOIS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) THE RIGHTS OFFERING PROCEDURES AND RELATED FORMS, (V) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (VI) GRANTING RELATED RELIEF**

The United States of America, by the United States Department of Justice and on behalf of the United States Environmental Protection Agency, and the State of Illinois, *ex rel.* Lisa Madigan, Attorney General of the State of Illinois and on behalf of the Illinois Environmental Protection Agency (the "Illinois EPA"), object to the Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, (IV) the Rights Offering Procedures and Related Forms, (V) Scheduling Certain Dates with respect thereto, and (VI) Granting Related Relief [D.I. 584] (the "Disclosure Statement Motion") and, in support thereof, respectfully state as follows:[1]

**I.     Bankruptcy Case Background**

1.     On June 2, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.  The Debtors are operating their businesses and managing their assets as debtors-in-possession, and no trustee or examiner has been requested or appointed

---
[1] The Debtors granted the United States of America and the State of Illinois an extension of the Disclosure Statement Motion objection deadline to 12:00 pm (Central Time) on October 11, 2016.

in these cases.

2. On September 23, 2016, the Debtors filed the Disclosure Statement Motion, attaching the proposed Disclosure Statement for the Joint Plan of Reorganization of UCI International, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 468] and the proposed Joint Plan of Reorganization of UCI International, LLC and its Debtor Affiliates [D.I. 467].

3. On September 30, 2016, the Debtors filed the Disclosure Statement for the Joint Plan of Reorganization of UCI International, LLC and its Debtor Affiliates Proposed by the Debtors, the Ad Hoc Committee of Senior Noteholders and the Official Committee of Unsecured Creditors (the "Disclosure Statement") [D.I. 637] and the proposed Joint Plan of Reorganization for UCI International, LLC and its Debtor Affiliates Proposed by the Debtors, the Ad Hoc Committee of Senior Noteholders and the Official Committee of Unsecured Creditors (the "Plan") [D.I. 632].

**II.    Debtors' Environmental Plans for its Fairfield, Illinois Properties**

1. On July 22, 2016, Airtex Products, LP, one of the Debtors ("Airtex"), submitted to the Illinois EPA its proposed Resource Conservation and Recovery Act (RCRA) Closure Plan for the plating unit at Airtex's Plant 1 in Fairfield, Illinois, which includes a proposal for sampling of certain areas within Plant 1, including at least one "Hazardous Waste Management Unit." On August 10, 2016, Airtex submitted an "Addendum to Closure Plan" to the Illinois EPA. On September 19, 2016, Airtex submitted a "Groundwater Investigation Addendum to its RCRA Closure Plan" to the Illinois EPA.

2. On or about August 10, 2016, Airtex submitted to the Illinois EPA its proposed Sampling Plan for sewer water/sludge, soil and groundwater along the City of Fairfield sanitary

2

sewer lines that exist along the northern and eastern boundaries of the Plant 1 facility. The City of Fairfield had previously collected a sample within a portion of its sewer system running along the northern boundary of the Plant 1 facility that contained trichloroethene and tetrachloroethene. On September 19, 2016, Airtex submitted the "Groundwater Investigation Addendum to Voluntary Sewer Sampling Plan" to the Illinois EPA.

3. On or about September 13, 2016, Airtex provided a figure of proposed groundwater and soil gas sampling locations along the eastern boundary of Airtex's Plant 2 in Fairfield, Illinois. On September 22, 2016, Airtex provided its "Work Plan for Off-Site Environmental Investigation" concerning the Plant 2 facility. On September 28, 2016, Airtex provided a revised figure of proposed groundwater and soil gas sampling locations along the eastern boundary of Airtex's Plant 2. On October 4, 2016, Airtex provided its revised "Work Plan for Off-Site Environmental Investigation" concerning the Plant 2 facility.

4. The United States, through the USEPA, and the State of Illinois, through the Illinois EPA, are charged with the police and regulatory responsibility to protect public health and the environment under federal and state statutes, including the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*, and the Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq.*, respectively.

**III. Argument**

1. The Code imposes on debtors "an affirmative duty of full disclosure." *In re Kane*, 628 F.3d 631, 636 (3d Cir. 2010) (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). This duty includes the requirement that debtors file declarations "adequately, honestly, and in good faith." *Id.* "Because creditors and the bankruptcy court rely

heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Id.* (citing *Ryan Operations*, 81 F.3d at 362). Indeed, candid disclosure is "the pivotal concept in reorganization procedure under the Code." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (citation omitted). Generalized or partial statements are inadequate.

2. The Disclosure Statement does not disclose adequate information concerning the Plan's ambiguous language about whether the Reorganized Debtors are somehow absolved from having to protect public health and safety through compliance with environmental laws with respect to properties that the Debtors currently own and operate, and that the Reorganized Debtors will own and operate after confirmation of the Plan. Indeed, the Plan contains language that may be alleged by the Debtors to enjoin Governmental Units (as defined in Section 11 U.S.C. § 101(27)) from enforcing public health and safety laws. The Disclosure Statement also does not disclose the consequences to public health and safety that would result from any purported injunction against, or any release or discharge of, such liability. As such, the Disclosure Statement does not contain adequate information within the meaning of Section 1125(a)(1) and as required by Section 1125(b) of the Code. 11 U.S.C. §§ 1125(a)(1), 1125(b).

3. In addition, the Disclosure Statement fails to include a description of the environmental issues at Airtex's Fairfield, Illinois facilities and whether the Debtors have the ability to perform all necessary investigative and remedial work at such facilities.

4. As described above, Airtex has submitted a RCRA Closure Plan for Plant 1, has submitted a Sampling Plan relating to alleged contamination of a sewer line at Plant 1 and will be conducting sampling to confirm whether contamination has migrated off-site of Plant 2 and, if so, the extent. Given this, the Debtors must disclose any restructuring transaction in the Disclosure

Statement, particularly as it may affect the Illinois facilities and the feasibility of the restructured entities. However, pursuant to Section 5.7 of the Proposed Plan, the Debtors seek the Bankruptcy Court's approval that no further notice, action, third-party consents, court order or process of any kind would be required for any transactions relating to the Fairfield, Illinois properties. The Debtors fail to disclose in their Disclosure Statement the authority for the Court to approve undisclosed changes to restructuring without notice to creditors and an opportunity to object.

5. The Disclosure Statement should not be approved unless and until it (a) discloses which entity will own the Fairfield facilities, the available resources to meet its compliance obligations and all restructurings for which the Debtors are seeking court approval, and (b) resolves the ambiguity with respect to the Plan provisions that relate to environmental obligations concerning properties owned and operated by the Debtors, and the health and safety implications of those provisions by deleting the last sentence of Section 5.7 of the Plan[2] and including the following language in the Disclosure Statement, the Plan and the confirmation order:

> Nothing in the Confirmation Order or the Plan discharges, releases, resolves, precludes, exculpates or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date: (iii) any police or regulatory liability to a Governmental Unit that any entity is subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors or Reorganized Debtors. Nor shall anything in the Confirmation Order or the Plan enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence. Nothing in the Confirmation Order or the Plan impairs or adversely affects the rights, if any, of any Governmental Unit with respect to any financial assurance, letter of credit, standby trust fund, surety bond or insurance proceeds of which it is a designated beneficiary as of the date of entry

---

[2] The last sentence of Section 5.7 of the Plan provides as follows: "[t]he Restructuring Transactions shall be authorized and approved by the Confirmation Order pursuant to, among other provisions, sections 1123 and 1141 of the Bankruptcy Code and section 303 of Title 8 of the Delaware Code, without any further notice, action, third-party consents, court order or process of any kind."

of this Confirmation Order or to any insurance proceeds that may be recovered under general liability or environmental policies. Nothing in the Confirmation Order or the Plan authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under Environmental Law. Nothing in the Confirmation Order or the Plan shall affect any setoff or recoupment rights of any Governmental Unit.

> "Environmental Law" means all federal, state and local statutes, regulations, laws, ordinances, rules, licenses, permits, and similar provisions having the force or effect of law, all judicial and administrative orders, agreements, and determinations and all common law concerning pollution or protection of the environment, or environmental impacts on human health and safety, including, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act; the Clean Water Act; the Clean Air Act; the Emergency Planning and Community Right-to-Know Act; the Federal Insecticide, Fungicide, and Rodenticide Act; the Resource Conservation and Recovery Act; the Safe Drinking Water Act; the Surface Mining Control and Reclamation Act; the Toxic Substances Control Act; and any state or local equivalents.

### III. Conclusion

Based on the foregoing, the United States of America and the State of Illinois respectfully request that this Court deny the Debtors' Disclosure Statement Motion unless the Disclosure Statement and Plan are amended as set forth above.[3]  The United States of America and the State of Illinois reserve the right to object to any amended or modified Disclosure Statement.

FOR THE UNITED STATES OF AMERICA:

        JOHN C. CRUDEN
        Assistant Attorney General
        Environmental and Natural Resources Division

BY:   /s/ Alan Tenenbaum
        ALAN TENENBAUM
        National Bankruptcy Counsel
        Environmental Enforcement Section
        Environmental and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044

        CHARLES M. OBERLY, III
        United States Attorney
        District of Delaware

        ELLEN W. SLIGHTS
        Assistant United States Attorney
        District of Delaware
        1007 Orange Street
        Suite 700
        Wilmington, DE 19899
        (302) 573-6277

---

[3] The United States of America, the State of Illinois and the Debtors have been in negotiations concerning the issues raised in this objection. As of the filing of the objection, no agreement had been reached.

FOR THE STATE OF ILLINOIS

        PEOPLE OF THE STATE OF ILLINOIS,
        *ex rel.* LISA MADIGAN, Attorney General
        of the State of Illinois

        MATTHEW J. DUNN, CHIEF
        Environmental Enforcement/Asbestos
        Litigation Division

BY:   /s/ Kathryn A. Pamenter
        KATHRYN A. PAMENTER
        Assistant Attorney General
        Illinois Attorney General's Office
        Environmental Bureau
        69 W. Washington St., 18th Floor
        Chicago, IL  60602

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October, 2016, I caused the foregoing to be filed electronically via the Court's ECF system.

Dated: October 11, 2016        */s/ Robert W. Darnell*
        ROBERT W. DARNELL
        Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044
        Tel. No.: (202) 514-4162
        Fax No.: (202) 616-6584
        Email:  robert.darnell@usdoj.gov