**EXHIBIT A**

PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UCI INTERNATIONAL, LLC, et al.[1] | Case No. 16-11354 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

**ORDER (A) AUTHORIZING THE**
**DEBTORS TO ASSUME CERTAIN EXECUTORY CONTRACTS;**
**(B) ESTABLISHING CURE AMOUNTS; AND (C) GRANTING RELATED RELIEF**

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105 and 365 of the Bankruptcy Code, (a) authorizing the Debtors to assume certain executory contracts; (b) establishing cure amounts; and (c) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Debtor is 2201 Waukegan Road, Suite 140, Bannockburn, Illinois 60015.

[2] Capitalized terms used but not defined herein shall have the same meaning assigned to such terms in the Motion.

01:19514214.1

the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Champion is authorized to assume the Executory Contracts set forth on <u>Schedule 1</u> attached hereto, and such assumptions are hereby approved.

3. Champion is authorized to pay $732,950.50 of the Cure Amount. The remaining $80,000 of the Cure Amount shall be paid by FRAM pursuant to agreement among Champion, FRAM, and Hengst.

4. Payment of the Cure Amount is sufficient for Champion to comply fully with the requirements of Section 365(b) of the Bankruptcy Code, and any and all defaults or other obligations of Champion under the Executory Contracts arising or accruing prior to the date of entry of this Order shall be deemed cured upon payment of the Cure Amount.

5. Champion has demonstrated adequate assurance of future performance, to the extent necessary, and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code.

6. Upon the later to occur of (a) its receipt of the entire Cure Amount, and (b) this Order becoming final and non-appealable, the parties to the Executory Contracts are hereby barred and permanently enjoined from asserting against the Debtors or the Reorganized Debtors any default, claim, or liability existing, accrued, arising, or relating to the Executory Contracts for the period prior to the date of entry of this Order (except obligations incurred in the ordinary course of business which are not yet due and payable).

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016  
Wilmington, Delaware

                                              MARY F. WALRATH  
                                              UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

LIST OF CONTRACTS FOR ASSUMPTION

1. That certain Purchase and Rebate Agreement dated as of February 14, 2014 between Hengst of North America, Inc., Champion Laboratories, Inc., and FRAM Group Operations, LLC

2. That certain Limited Manufacturing License dated as of February 14, 2014 between Hengst of North America, Inc., Champion Laboratories, Inc., and FRAM Group Operations, LLC

3. That certain Settlement Agreement dated as of February 14, 2014 between Hengst of North America, Inc., Champion Laboratories, Inc., and FRAM Group Operations, LLC