## **Exhibit 1**

**Iles Declaration**

01:22475652.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UCI INTERNATIONAL, LLC, et al.[1] | Case No. 16-11354 (MFW) |
| Reorganized Debtors. | Jointly Administered |

**DECLARATION OF NATHAN R. ILES IN SUPPORT OF REORGANIZED DEBTORS' FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

**("NO LIABILITY CLAIMS")**

I, Nathan R. Iles, declare as follows:

1.  I am the Vice President and Chief Financial Officer of UCI International Holdings, Inc.,[2] and have served in this position since December 30, 2016. Prior to this position, I was the Chief Financial Officer of Airtex Products, LP and ASC Industries, Inc. As Vice President and Chief Financial Officer, I am responsible—together with other members of the Reorganized Debtors' management—for the financial management and reporting of the Reorganized Debtors' business operations. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records

---

[1] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI Acquisition Holdings (No. 1) Corp (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Reorganized Debtor is 2201 Waukegan Road, Suite 140, Bannockburn, Illinois 60015.

[2] The name of Debtor UCI Acquisition (No. 1) Corp has been changed to UCI International Holdings, Inc.

(the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2. I have read the *Reorganized Debtors' Fifteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007-1, and Local Rule 3007-1* (the "Objection")[3] and am directly, or by and through the Reorganized Debtors' personnel and advisors, familiar with the information contained therein and Exhibit A attached to the Proposed Order. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (i) my personal knowledge, (ii) my review of relevant documents, (iii) my view, based on my experience and knowledge of the Debtors' operations and personnel, (iv) information supplied to me by others at the Debtors' request, or (v) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Reorganized Debtors have determined that the Proofs of Claim listed on Exhibit A to the proposed form of order (the "Order") are not properly asserted pursuant to section 502(b) of the Bankruptcy Code and applicable orders of the Court.

---

[3] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

5.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the No Liability Pension Claim identified on <u>Exhibit A</u> to the Proposed Order is a claim on account of the Debtors' Pension Plans.  It is my understanding that the Pension Plans are ERISA-governed plans.  Accordingly, based on my discussions with counsel to the Reorganized Debtors, the Pension Plans are the proper parties to pursue in seeking pension benefits in connection with the Pension Plans.  Moreover, the Pension Plans have been assumed by and transferred to Pactiv LLC, an affiliate of nondebtor Rank Group, pursuant to the Global Settlement and the Transfer of Plans approved by the Court on November 30, 2016.  Accordingly, the No Liability Pension Claim is not an obligation of the Debtors or the Reorganized Debtors.

6.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Protective No Liability Claims identified on <u>Exhibit A</u> to the Proposed Order are claims filed on a protective basis and related to the Site and for which the Debtors have diligently reviewed their Books and Records and determined that such claims are not reflected as liabilities of the Debtors after reasonable investigation.  Based on my discussions with the Debtors' management and the Debtors' counsel, the Debtors are not liable to the claimants asserting the Protective No Liability Claims because such claimants have asserted claims in contingent or unliquidated amounts and have not filed amended claims or otherwise sought to assert an actual claim in a specified amount.  I am informed that the Cost Sharing Agreement underlying the alleged remediation and monitoring obligations was assumed pursuant to the confirmed Plan, and thus the obligations of Reorganized Debtors under that agreement shall continue to be performed.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of October 2017

_____
By: Nathan R. Iles