# Exhibit D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UCI INTERNATIONAL, LLC, et al.[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-11354 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: November 21, 2017 at 10:30 a.m. (ET)<br>Response Deadline: November 3, 2017 at 4:00 p.m. (ET) |

## REORGANIZED DEBTORS' FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

### ("NO LIABILITY CLAIMS")

> Claimants receiving this Objection should locate their name(s) and claim number(s) on **Exhibit A** to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Reorganized Debtors.

> The relief sought herein is without prejudice to the Reorganized Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on **Exhibit A** to the Proposed Order attached to this Objection.

---

[1] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: UCI International, LLC (0186); Airtex Industries, LLC (0830); Airtex Products, LP (0933); ASC Holdco, Inc. (9758); ASC Industries, Inc. (7793); Champion Laboratories, Inc. (5645); UCI International Holdings, Inc. (5732); UCI Acquisition Holdings (No. 3) Corp (8277); UCI Acquisition Holdings (No. 4) LLC (8447); UCI-Airtex Holdings, Inc. (5425); UCI Holdings Limited (N/A); UCI Pennsylvania, Inc. (1527); and United Components, LLC (9857). The mailing address for each Reorganized Debtor is 2201 Waukegan Road, Suite 140, Bannockburn, Illinois 60015.

01:22475652.1

The reorganized debtors in the above-captioned chapter 11 cases (each a "Reorganized Debtor" and collectively, the "Reorganized Debtors"), by and through their undersigned counsel, hereby submit this fifteenth omnibus objection (the "Objection") to the No Liability Pension Claim and the Protective No Liability Claims (each as defined herein and together, the "No Liability Claims") identified on Exhibit A attached to the proposed order (the "Proposed Order") attached hereto as Exhibit 2, respectfully requesting the entry of the Proposed Order disallowing the No Liability Claims as indicated in further detail below and in the exhibits attached to the Proposed Order.  This Objection is made pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

By this Objection, the Reorganized Debtors request the entry of an order disallowing the No Liability Claims as indicated in further detail below.  In support of this Objection, the Reorganized Debtors rely on the declaration of Nathan R. Iles, Vice President and Chief Financial Officer of the Debtors and the Reorganized Debtors (the "Iles Declaration"), attached hereto as Exhibit 1.  In further support of this Objection, the Reorganized Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On June 2, 2016 (the "Petition Date"), UCI International LLC and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continued to operate their businesses and manage their properties as

an employment relationship with the Debtors are paid by the Pension Plans as assumed by Pactiv, not by United Components or any of the other Debtors. Accordingly, any claim that the claimant asserting the No Liability Pension Claim listed on Exhibit A may have for pension benefits attributable to their relationship with the Debtors may only be asserted against the Pension Plans pursuant to ERISA.

### 3. The Pension Plans Have Been Transferred Pursuant to the Global Settlement and Pactiv Has Assumed Sole Sponsorship of the Plans

26. As described above, pursuant to the PBGC Settlement Agreement, Pactiv adopted each of the Pension Plans, assumed sole sponsorship of and became the "plan sponsor" of each of the Pension Plans within the meaning of Section 3(16)(B) of ERISA, and became a party to any trusts established under the Pension Plans. PBGC Settlement Agreement, § 3.01. Moreover, as part of the PBGC Settlement Agreement, and in exchange for United Components' and Pactiv's commitments under the PBGC Settlement Agreement, the PBGC agreed to forbear from terminating, or initiating any proceedings to terminate, any of the Pension Plans under Section 4042(a)(4) of ERISA solely as a result of the chapter 11 cases or the Transfer of Plans. Id. § 5.01. As a result, the Reorganized Debtors are unaware of any injury suffered by any Pension Plan beneficiaries as a result of the chapter 11 cases, including the No Liability Pension Claim, that would result in a claim against the estates of the Reorganized Debtors. Accordingly, the No Liability Pension Claim should be disallowed in full.

27. For these reasons, the Reorganized Debtors object to the allowance of the No Liability Pension Claim and request that such claim be disallowed in its entirety.

### B. Protective No Liability Claims

28. After reviewing the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Reorganized Debtors have identified claims numbers 930 and 931, each filed in an

undetermined amount, for which the Reorganized Debtors have diligently reviewed their books and records and determined that such claims are not reflected as liabilities of the Debtors (the "Protective No Liability Claims"). The Reorganized Debtors have undertaken a reasonable investigation of the Protective No Liability Claims based on the information provided in the applicable proofs of claim, and their books and records, and have concluded that the Debtors do not have any liability for each of the claims. See Iles Decl. ¶ 6. Moreover, the claimants have asserted such claims in contingent or unliquidated amounts and have not filed amended claims or otherwise sought to assert an actual claim in a specified amount.

29.     The Protective No Liability Claims appear to have been filed on a protective basis on account of alleged environmental remediation and monitoring obligations related to the Benicia Industrial Park located at 4186 Park Road, Benicia, CA (the "Site"). The Debtors are familiar with the Site and the attendant remediation and obligations. On November 14, 2002, Debtor Champion Laboratories, Inc. entered into a joint defense and cost sharing agreement for the Site, which was subsequently modified on April 14, 2004 (together, the "Cost Sharing Agreement"). Counter-parties to the Cost Sharing Agreement are Maxion Wheels U.S.A. LLC and EOP-Industrial Portfolio, L.K.C./Blackhawk Parent LLC (collectively with Champion Laboratories, Inc., the "Benicia Parties"). The Reorganized Debtors assumed the Cost Sharing Agreement under the Plan, as set forth in the Amended Assumed Executory Contract and Unexpired Lease List attached as Exhibit 6.1.2 to the Second Plan Supplement, filed on December 2, 2016. See D.I. 972.

30.     Although the claimants of the Protective No Liability Claims are not direct parties to the Cost Sharing Agreement, the Debtors believe that the obligations undertaken by the Benicia Parties in that agreement are being performed to address claimants' concerns regarding

the Site. As the remediation and monitoring obligations in the Cost Sharing Agreement were assumed pursuant to the confirmed Plan, the Reorganized Debtors remain obligated to perform their duties under the Cost Sharing Agreement.

31. Accordingly, the Reorganized Debtors object to the allowance of the Protective No Liability Claims set forth on Exhibit A and request that the Court enter the Proposed Order disallowing the Protective No Liability Claims in their entirety.

## RESERVATION OF RIGHTS

32. The Reorganized Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to the Proposed Order on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection. The Reorganized Debtors reserve the right to adjourn the hearing on any No Liability Claim, and in the event that the Reorganized Debtors do so, the Reorganized Debtors will state the same in the agenda for the hearing on that No Liability Claim, which agenda will be served on the claimant.

33. Notwithstanding anything contained in this Objection or on Exhibit A attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Reorganized Debtors may have: (i) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (ii) to exercise their rights of setoff against the holders of claims subject to this Objection.

## NOTICE

34. Notice of this Objection will be provided to: (i) the Office of the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States