## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UCI INTERNATIONAL, LLC, et al., | ) | Case No. 16-11354 (MFW) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Hearing Date: TBD |
| _____ ) | | Obj. Deadline: TBD |

**EMERGENCY MOTION OF THE DEBTORS UCI INTERNATIONAL, LLC
TO ADJOURN THE CURRENTLY SCHEDULED NOVEMBER 25, 2019
HEARING WITH RESPECT TO THE MOTION OF REORGANIZED DEBTOR
FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN AND
CONFIRMATION ORDER, INCLUDING THE DISCHARGE AND
INJUNCTION PROVISIONS, AND (II) GRANTING RELATED RELIEF**

UCI International, LLC ("UCI") and Champion Laboratories, Inc. ("Champion," and together with UCI, the "Reorganized Debtors") hereby submit this motion to adjourn (the "Motion to Adjourn") the hearing to consider the Reorganized Debtors' Motion for Entry of an Order (i) Enforcing the Plan and Confirmation Order, including the Discharge and Injunction Provisions and (ii) Granting Related Relief (the "Plan Enforcement Motion"), and in support thereof, the Reorganized Debtors state as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2.      On October 8, 2019, the Reorganized Debtors filed the Plan Enforcement Motion, which is scheduled to be heard on November 25, 2019 at 10:30 a.m.  The deadline for filing responses was November 7, 2019.

3.      Prior to the Response Deadline, the Reorganized Debtors and counsel for the San Francisco Bay Regional Water Quality Board and the State Water Resources Control Board (collectively, the "Water Boards") conferred with respect to some of the underlying issues.  On November 7, 2019, the Water Boards filed an objection to the Plan Enforcement Motion  [Docket No. 1469] (the "Water Boards' Objection").  Attached as exhibits to the Water Boards' Objection were declarations of Bill A. Cook, III, Tamarin Austin, and Yuri Won.  Further, the Water Boards' Objection included an appendix of other previously filed documents.  Since the filing of the Water Boards' Objection, counsel for the Reorganized Debtors and counsel for the Water Boards have discussed certain factual issues, including ensuring that a copy of the Order of the Regional Board that was entered after the Water Boards filed their Objection to the Plan Enforcement Motion.

4.      Prior to the Response Deadline, counsel for Cranbrook Realty Investment Fund, L.P. ("Cranbrook") and counsel for Maxion Wheels USA LLC ("Maxion") each requested short extensions to the Response Deadline until November 11, 2019.  In both instances, the Reorganized Debtors granted the requested extension.  On November 8, 2019, Cranbrook filed an objection to the Plan Enforcement Motion [Docket No. 1471], and on November 11, 2019, Maxion filed an objection to the Plan Enforcement Motion [Docket No. 1472].

5.      As an initial matter, counsel for the Reorganized Debtors and the Water Boards have conferred, and the Reorganized Debtors contend that there may be potential factual issues surrounding the Plan Enforcement Motion, and that an adjournment of the Plan Enforcement Motion is necessary so that the parties can determine what, if any, factual issues there are, and what factual issues can be narrowed.  The Water Boards do not object to the Reorganized Debtors obtaining an adjournment for these reasons.  Moreover, counsel for Water Boards has stated that their declarants are unavailable to travel from California to Delaware to attend the November 25,

2019, hearing and, therefore, the scheduled November 25, 2019 hearing could not go forward as an evidentiary hearing.

6.      In order to attempt to avert an evidentiary hearing, and to minimize the number of disputed facts, the Reorganized Debtors and the Water Boards therefore agreed to seek an adjournment of the Plan Enforcement Motion to permit the parties to try to reach a resolution of the facts to the extent possible.  Further, the Reorganized Debtors expect that, in the event that the parties cannot resolve any factual issues that cannot be resolved, the parties will work toward resolving those issues through limited discovery that would minimize any evidentiary hearing, and eliminate the need for the Water Boards' witnesses to travel to Delaware.

7.      To that end, on or about November 18, 2019, counsel for the Reorganized Debtors and the Water Boards conferred regarding potential dates in December for an adjourned hearing, and agreed upon three potential dates:  December 13, 16, and 20.  Immediately, thereafter, the Reorganized Debtors contacted counsel for Maxion and Cranbrook.  Counsel for Maxion promptly responded that they do not object to an adjournment of the November 25, 2019 hearing until December 13, 2019.

8.      On the afternoon of November 20, 2019, Cranbrook informed the Reorganized Debtors that it will not agree to adjourn the November 25, 2019 hearing, thereby necessitating this Emergency Adjournment Motion.

## RELIEF REQUESTED

9.      By the Motion to Adjourn, the Reorganized Debtors respectfully request that this Court adjourn the November 25, 2019 hearing with respect to the Plan Enforcement Motion to a date to allow the parties to determine what factual disputes exist, and to conduct such limited,

necessary discovery as to (hopefully) avoid a situation requiring that the Water Boards' witnesses travel to Delaware.

10.     The Reorganized Debtors request that the Court schedule a telephonic hearing at its earliest convenience to consider the relief requested in the Motion to Adjourn.

## BASIS FOR RELIEF REQUESTED

11.     This Court has broad discretion to control its docket and to determine when to grant a continuance in a particular case. Morris v. Slappy, 461 U.S. 1 (1983); In re Armstrong World Indus., Inc., 320 B.R. 523, 530 n. 17 (D. Del. 2005); see also Sutherland Paper Co. v. Grant Paper Box Co., 183 F. 2d 926, 931 (3d Cir. 1950) (finding that the lower court's failure to grant a continuance in light of unresolved issues involving discovery constituted an abuse of discretion).

12.     In order for the Reorganized Debtors and to adequately prepare for a hearing on the Plan Enforcement Motion, the Water Boards and the Reorganized Debtors need additional time to narrow the factual issues and conduct necessary discovery. While the Reorganized Debtors and the Water Boards have begun conversations regarding factual issues, those discussions are ongoing. And again, even if the parties were not willing to try to narrow, if not eliminate, the factual issues, the Water Boards' factual witnesses are unavailable on November 25, 2019.

13.     Were the need to minimize an evidentiary hearing, and the relative expenses of the parties (as well as the Court's time) not sufficient reason to adjourn the hearing, the attempt by Cranbrook to hijack the timing of the hearing is even more troubling given that there is a significant issue with respect to whether Cranbrook (and Maxion) have standing to be heard with respect to the Plan Enforcement Motion in the first instance.

14.     Standing is "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." Standing, Black's Law Dictionary (10th ed. 2014). Thus, "any party who invokes

the court's authority must establish standing." Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 133 (2011); In re Stone & Webster, Inc., 373 B.R. 353, 361 (2007) ("Standing is a "threshold question in every federal case," including bankruptcy cases"). In federal courts, standing is determined by Article III of the Constitution, which confines the judicial power of the United States to "Cases" and "Controversies." To possess Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." See, e.g, Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)). Additionally, Section 1109 of the Bankruptcy Code creates an additional standing requirement in chapter 11 bankruptcy cases. In re Stone & Webster, Inc., 373 B.R. 353, 361; In re Alpha Nat. Res. Inc., 544 B.R. 848, 854 (Bankr. E.D.Va. 2016). Section 1109(b) provides "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

15.     While Section 1109(b) "is to be construed broadly, in order to allow parties affected by a chapter 11 case to appear and be heard." Unsecured Creditors Comm. v. Marepcon Fin. Corp. (In re Bumper Sales, Inc.), 907 F.2d 1430, 1433 (4th Cir. 1990) (quoting In re Pub. Serv. Co. of N.H., 88 B.R. 546, 550 (Bankr. D.N.H. 1988)), it is not without it limits. A court may prohibit a prospective "party in interest" from participating in a Chapter 11 case for a lack of standing "if he or she has no cognizable interest (whether directly or indirectly) in the outcome of the proceeding." 7 Collier on Bankruptcy ¶ 1109.01[3] (Richard Levin & Henry J. Sommer eds., 16th ed. 2018) (emphasis in original). Stated another way, bankruptcy standing requires a "statement of or

identification of a pecuniary or an economic or property interest before this court that is susceptible to redress and as to which parties should be able and afforded an opportunity to address the Bankruptcy Court." <u>In re Vantage Drilling Int'l</u>, 603 B.R. 538, 545 (Bankr. D. Del. 2019).

16.    Here, there is no question that the Reorganized Debtors assumed the Cost Sharing Agreement in the bankruptcy.  Accordingly, Cranbrook (and Maxion) do not have any claim in the Debtors' bankruptcy cases, because regardless of whether the Water Boards' claims against the Reorganized Debtors are barred, the rights and obligations of the Reorganized Debtors, Maxion, and Cranbrook are based entirely upon the Cost Sharing Agreement, which are enforceable outside of the bankruptcy cases.

17.    For the foregoing reasons, the Reorganized Debtors request that the November 25, 2019 hearing be adjourned until the Reorganized Debtors and the Water Boards have been afforded sufficient time to determine factual issues and conduct necessary discovery.

WHEREFORE, the Reorganized Debtors respectfully requests that the Court (i) adjourn the hearing on the Motion currently scheduled for November 25, 2019 in order to allow for sufficient time to determine factual issues and conduct necessary discovery, (ii) schedule a telephonic hearing at the Court's earliest convenience, and (iii) grant to the Reorganized Debtors such other and further relief as the Court deems necessary and just.

Dated:  November 21, 2019

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Counsel for the Reorganized Debtors*

11380413/1